**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLORIA ESTELA CASTILLO-FUNES, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | Nos. 08-70254 <br> 08-72500 <br><br> Agency No. A097-337-908 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Gloria Estela Castillo-Funes, native and citizen of El Salvador, petitions for

review of a Board of Immigration Appeals' ("BIA") order summarily affirming the

an immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT")

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(No. 08-70254), and of the BIA's denial of her motion to reconsider (No. 08-72500). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992). We review for abuse of discretion the BIA's denial of a motion for reconsideration. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny in part and dismiss in part the petition for review as to No. 08-70254. We deny the petition for review as to No. 08-72500.

Even if Castillo-Funes is credible, substantial evidence supports the IJ's finding that she failed to establish a nexus between the harm she suffered and a protected ground. *See Elias-Zacarias*, 502 U.S. at 481 & n.1. Accordingly, Castillo-Funes's asylum claim fails.

Because Castillo-Funes failed to meet the lower burden of proof for asylum, it follows that she has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the IJ's denial of CAT relief because Castillo-Funes has not established that she will be tortured by or with the acquiescence of the El Salvadoran government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

We lack jurisdiction to address Castillo-Funes's contention that she was prevented from establishing her eligibility for asylum due to her husband's absence from the hearing because the argument is unexhausted.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The BIA did not abuse its discretion in denying Castillo-Funes's motion to reconsider because even in light of our decision in *Mendoza-Mazariegos v. Mukasey*, 509 F.3d 1074 (9th Cir. 2007), there is no legal or factual error in the agency's prior decision.  *See* 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(1).

**No. 08-70254:  PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**No. 08-72500:  PETITION FOR REVIEW DENIED.**